PHILLIPS
vs.
STANLEY.

*PHILLIPS vs. STANLEY.*

It is the sum claimed, and not that for which judgment is rendered, which confers jurisdiction on the court.

Acts under private signature have no date against third persons, except that on which they are produced in court, unless supported by evidence *aliunde*, showing the real time of their execution, but this circumstance in which they differ from authentic acts does not prevent their being given in evidence for what they are worth.

Where a private act relates to land, and there is proof of possession by actual delivery accompanying the transfer it may be received in evidence.

APPEAL from the court of the third district, the judge of the fourth presiding.

The plaintiff represented himself as the owner of a tract of land upon which the defendant had illegally entered, cut down and destroyed the timber. The petition concluded with a prayer that the defendant be condemned to pay one thousand dollars damages for the trespass and injury complained of.

The defendant, in his answer, set up title to the land on which the trespass is alleged to have been committed; and to support this plea on the trial of the cause, he offered in evidence an act under private signature, and offered testimony at the same time to prove the signatures to

Eastern District.
*April*, 1830.

PHILLIPS
*vs.*
STANLEY.

the act, and to shew that possession by actual delivery accompanied the transfer.

To the introduction of this document, the plaintiff objected on the ground, that acts under private signature, purporting to transfer land, could not be received in evidence against the rights of third persons: of this opinion was the court below, and the defendant took his bill of exceptions.

The cause was tried by a jury, who found a verdict for the plaintiff, and assessed the damages at one dollar. The defendant appealed.

*Turner*, for the appellant, relied:

1. Upon the several bills of exceptions taken by him to the matters ruled against him in the court below.

2. The court was without jurisdiction; the amount in dispute, as it appeared on the trial, being below the jurisdiction of the district court. C. P. arts. 126, 1061, 1063, 1064.

PORTER, J. delivered the opinion of the court. This is an action in which the plaintiff claims damages for a trespass which she alleges the defendant committed on land belonging to her. He avers, in his answer, that he is the owner of the premises on which the

Eastern District. *April*, 1830.

PHILLIPS
*vs.*
STANLEY

injury complained of was committed. We are thus required to examine the strength of their respective titles.

The cause was submitted to a jury in the court of the first instance, who found a verdict for the plaintiff. The defendant appealed.

A question has been raised as to the jurisdiction of the court, and the 126, 1061, 1063 and 1064 articles of the *Code of Practice*, have been relied on to support it.

The petition alleges that damages to the amount of 1000 dollars had been sustained by the plaintiff. The verdict of the jury fixes them at one dollar. We think it is the sum claimed, and not that for which judgment is rendered, which confers jurisdiction on this court. The *amount or value in dispute*, is that which one party *claims*, and the other *disputes* his right to recover. *Code of Practice,* 570.

It is the sum claimed, and not that for which judgment is rendered, that confers jurisdiction on the court.

On the trial, the defendant offered a document *sous seins privé* in evidence, which the court rejected, on the objection of the plaintiff that papers under private signature were not evidence against third persons. We think the court erred. Instruments under private signature, it is true, have *no date* against third

Acts under private signature have no date a-

persons, except that ˥on which they are produced in court; unless supported by evidence *aliunde*, showing the real time of their execution; but this circumstance in which they differ from authentic acts, does not prevent their being given in evidence for what they are worth. *Sec.* 2, *n. s.* 171: 4 *ib.* 368

The circumstance of the paper offered being in relation to land, makes no difference; for the bill of exceptions states, that the defendant in addition to proof of the signatures of the parties to the instrument, offered evidence that possession by actual delivery accompanied the transfer.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled and reversed: and it is further ordered and decreed, that the case be remanded to the court below, with directions to the judge not to reject the document marked **P.,** because it was executed under private signature: and it is further ordered, that the appellee pay the costs of this appeal.

Where a private act relates to land, and there is proof of possession by actual delivery accompanying the transfer, it may be received in evidence.